J-S43023-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT |
| --- | --- |
| Appellee | OF PENNSYLVANIA |
| v. | |
| CARL EDWARD BELL | |
| Appellant | No. 29 WDA 2020 |

Appeal from the PCRA Order Entered December 10, 2019
In the Court of Common Pleas of Erie County
Criminal Division at No.: CP-25-CR-0001854-2016

BEFORE:   SHOGAN, J., STABILE, J., and KING, J.

MEMORANDUM BY STABILE, J.:                    FILED NOVEMBER 19, 2020

Appellant Carl Edward Bell appeals from the December 10, 2019 order of the Court of Common Pleas of Erie County ("PCRA court"), which dismissed, without a hearing, his petition under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The facts and procedural history of this case are undisputed.  As summarized by a prior panel of this Court on direct appeal:

> On January 1, 2016, while at an apartment in Lin Lee Motel in Millcreek Township with his girlfriend, Appellant consumed alcohol and cocaine.  An argument erupted between Appellant and Charles Lesser, and Appellant punched, kicked, and stomped on Lesser's head and body.  When his friend, Danny Green, attempted to stop the fight, Appellant punched, kicked, or stomped on Danny Green's head and body.  Appellant then went to a separate apartment and stomped and kicked his own mother, Andrea Zack, in the face and neck, poured boiling water on her arms and stomach, and threatened to kill her.  Mr. Lesser never recovered consciousness and died from his injuries on February 12, 2016.

Mr. Green is permanently physically disabled as a result of the attack. Ms. Zack suffered severe injuries and permanent scarring.

The Commonwealth charged Appellant with multiple counts of Assault and Reckless Endangerment, one count of Terroristic Threats, and one count of Homicide. On January 20, 2017, Appellant pled guilty to Third-Degree Murder and two counts of Aggravated Assault. In exchange, the Commonwealth withdrew the remaining charges. The court ordered a pre-sentence investigation and scheduled sentencing for Monday, March 6, 2017. The Commonwealth submitted a Sentencing Memorandum to the court and gave a copy to Appellant's counsel on the morning of Friday, March 3, 2017.[FN1]

> [FN1: The Commonwealth's Sentencing Memorandum "set forth the Commonwealth's recommendation of an aggregate sentence of 40 to 80 years of incarceration. It summarized the factual background of the case, Appellant's prior record[,] and the Commonwealth's argument in favor of the sentence it recommended. Appended to the memorandum were photographs of the victims and the apartment where Appellant assaulted the male victims." Trial Ct. Op., dated 6/6/17, at 8 n.2.]

At the sentencing hearing on Monday, March 6, 2017, Appellant's counsel objected to the court's considering the Commonwealth's Sentencing Memorandum, arguing that the photographs of the victims and the crime scene attached to the Memorandum were inflammatory. He also complained that he did not have a chance to respond to the Memorandum, and argued that the Commonwealth should be precluded from making oral argument because it had already submitted its statement. N.T. Sentencing, 3/6/17, at 8-10. The court denied the objection.

The court then heard statements from Appellant, his attorney, and Ms. Zack on Appellant's behalf. The prosecutor made a short statement, recognizing that the court had the Commonwealth's Sentencing Memorandum. Over defense counsel's objection, the decedent's sisters and Mr. Green made victim impact statements. The court then acknowledged counsels' arguments, the in-court statements, the pre-sentence investigation report, and the sentencing guidelines, and imposed an aggregate sentence of 30 to 60 years' incarceration, which included a term within the

> sentencing guidelines of 19 to 38 years on the Third-Degree Murder conviction.[FN2]
>
> > [FN2: The court imposed consecutive terms of incarceration of 19 to 38 years for the Third-Degree Murder conviction, 6 to 12 years for the assault on Mr. Green, and 5 to 10 years for the assault on Ms. Zack. The court also ordered restitution.]

Commonwealth v. Bell, No. 538 WDA 2017, unpublished memorandum, at 1-3 (Pa. Super. filed April 24, 2018). On appeal, Appellant challenged the discretionary aspects of his sentence. Concluding that Appellant failed to raise substantial questions, we affirmed the judgment of sentence. Appellant did not file a petition for allowance of appeal.

On April 22, 2019, Appellant pro se filed the instant PCRA petition, asserting claims for ineffective assistance of counsel. The PCRA court appointed counsel, who filed an amended petition alleging that trial counsel was ineffective. In particular, Appellant challenged "His guilty pleas based upon the allegation that counsel provided erroneous legal advice upon which he relied thereby, rending his pleas as unknowing and involuntary." Amended Petition, 7/2/19, at 1. Specifically, Appellant alleged that trial counsel advised him that, in exchange for pleading guilty, Appellant "would receive a lesser sentence," which he ultimately did not receive. Id. On September 23, 2019, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. On December 10, 2019, the PCRA court dismissed Appellant's petition. Appellant appealed. The PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

Appellant complied. In response, the PCRA court issued a Pa.R.A.P. 1925(a) opinion, whereby it incorporated and adopted its Rule 907 notice.

On appeal,[1] Appellant presents a single issue for our review.

[I.] Whether Appellant's guilty pleas were invalidated given the ineffective assistance of counsel due to counsel's conduct that induced the entry of guilty pleas and misrepresentations as to the sentencing exposure Appellant would be subjected to in exchange for the guilty pleas?

Appellant's Brief at 2 (unnecessary capitalizations omitted).

Appellant claims that the PCRA court erred in dismissing his petition when his guilty pleas were unknowing, involuntary and unintelligent because of counsel's ineffectiveness. In particular, he argues that trial counsel "made an express representation to him that he would receive a lesser sentence and that [he] relied upon that material representation in entering the guilty pleas."[2] Id. at 4. Despite trial counsel's representations, his sentence of 30 to 60 years' imprisonment was greater than what trial counsel had promised. Thus, at the core, Appellant claims that he was induced by trial counsel's misrepresentations on sentencing to plead guilty.

To be entitled to relief on ineffectiveness grounds, Appellant was required to plead and prove that counsel's ineffectiveness caused an

_____

[1] "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" Commonwealth v. Fears, 86 A.3d 795, 803 (Pa. 2014) (quoting Commonwealth v. Rainey, 928 A.2d 215, 223 (Pa. 2007)).

[2] Appellant does not specify the nature of the alleged "lesser sentence" or what that sentence entailed.

involuntary or unknowing plea. See Commonwealth v. Fowler, 893 A.2d 758, 765 (Pa. Super. 2006) (affirming denial of PCRA relief where appellant pled that his guilty plea was involuntary and unknowing because it was improperly induced by counsel's promise and assurance that he would not receive the statutory maximum); see also 42 Pa.C.S.A. § 9543(a)(2)(ii). Indeed, "[i]t is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." Commonwealth v. Koehler, 36 A.3d 121, 132 (Pa. 2012) (citation omitted). "To prevail on an [ineffectiveness] claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice." Commonwealth v. Reyes-Rodriguez, 111 A.3d 775, 780 (Pa. Super. 2015) (en banc). "A petitioner must prove all three factors of the "Pierce[3] test," or the claim fails." Id. Put differently, "[t]he burden of proving ineffectiveness rests with Appellant." Commonwealth v. Chmiel, 889 A.2d 501, 540 (Pa. 2005).

Instantly, Appellant is not entitled to relief. Despite his argument that his ineffectiveness claim has merit,[4] Appellant's brief is bereft of any discussion or argument with respect to the reasonable basis and prejudice

---

[3] Commonwealth v. Pierce, 527 A.2d 973 (Pa. 1987).

[4] We note that Appellant's brief does not identify the Pierce prongs necessary to establish an ineffectiveness claim.

prongs. As we recently emphasized, "[a] petitioner must prove all three factors of the Pierce test, or the [ineffectiveness] claim fails. In addition, on appeal, a petitioner must adequately discuss all three factors of the Pierce test, or the appellate court will reject the claim." Reyes-Rodriguez, 111 A.3d at 780 (emphasis added) (citing Fears, 86 A.3d at 804)). Thus, given Appellant's failure to mention, much less discuss, the reasonable basis and prejudice prongs on appeal (or below), we must reject his ineffectiveness claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/2020